```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X

BRUCE W. MIKOL,                                :
                                                         05 Civ. 5355 (WCC)
                 Plaintiff,                    :

         - against -                           :    OPINION
                                                    AND ORDER
JO ANNE B. BARNHART, Commissioner of           :
Social Security,
                                               :
                 Defendant.
                                               :
- - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

        LAW OFFICES OF CAROL S. GOLDSTEIN
        **Attorneys for Plaintiff**
        424 N. Main Street
        P.O. Box 525
        Monroe, New York 10949

CAROL S. GOLDSTEIN, ESQ.

    Of Counsel

        MICHAEL J. GARCIA
        UNITED STATES ATTORNEY FOR THE
          SOUTHERN DISTRICT OF NEW YORK
        **Attorneys for Defendant**
        86 Chambers Street, 3rd Floor
        New York, New York 10007

JOHN E. GURA, JR.,
   Ass't United States Attorney

    Of Counsel

Of Counsel:
  Barbara L. Spivak, Esq.
  Chief Counsel-Region II
  Suzanne Haynes
  Assistant Regional Counsel
  Office of the General Counsel
  Social Security Administration
  New York, NY 10278

                **Copies Mailed to Counsel of Record**_____

**CONNER, Senior D.J.:**

Plaintiff Bruce W. Mikol brought this action pursuant to Title II of the Social Security Act, 42 U.S.C. § 405(g) (the "SSA"), to review the final determination of defendant Jo Anne B. Barnhart, Commissioner of Social Security (the "Commissioner") determining that plaintiff was not disabled from November 7, 2001 to August 3, 2004. Both parties moved for judgment on the pleadings pursuant to FED. R. CIV. P. 12©. We granted the Commissioner's motion and affirmed her decision in an Opinion and Order dated May 25, 2007. Plaintiff now moves for reconsideration of our decision.[1] For the following reasons, plaintiff's motion is granted.

**BACKGROUND**

Plaintiff filed an application for disability insurance benefits on October 31, 2002. *Mikol v. Barnhart*, 494 F. Supp. 2d 211, 213 (S.D.N.Y. 2007). After his application was denied, plaintiff requested a hearing which was held on May 21, 2004, before an Administrative Law Judge (the "ALJ"). *Id*. The ALJ found by decision dated August 3, 2004 that plaintiff was not disabled as defined under the SSA. *Id*. Plaintiff then requested a review by the Appeals Council, which denied plaintiff's request on March 25, 2005. *Id*. Plaintiff filed this action on May 26, 2005 and moved for judgment on the pleadings on February 7, 2006. This Court issued an Opinion on May 25, 2007 denying plaintiff's motion for judgment on the pleadings and granting the Commissioner's cross-

---

[1] Although plaintiff does not state that the motion for reconsideration is made pursuant to S.D.N.Y. LOCAL CIV. R. 6.3 in his Notice of Motion or Memorandum of Law, we address his motion as if it were made pursuant to Rule 6.3. Additionally, although plaintiff did not make a motion for relief from the prior judgment, as discussed below, because he attempts to introduce new evidence we consider whether he has met the requirements to obtain relief pursuant to FED. R. CIV. P. 60(b)(2).

1

motion. *Id.* at 228. We held that the ALJ's decision was not contrary to law and was supported by substantial evidence. *Id*. at 224-26. Specifically, we determined that appropriate weight was given to the opinion of the treating physician and substantial evidence supported the ALJ's determination that plaintiff's subjective complaints of pain were not credible and the ALJ's determination on plaintiff's residual functional capacity. *Id*.

After being denied disability benefits by the ALJ, plaintiff filed a second application for Social Security Disability benefits.[2] In a decision dated September 28, 2006, ALJ Brian W. Lemoine determined that plaintiff was disabled beginning on August 4, 2004. (Pl. Mem. Supp. Mot. Recons., Ex.) In support of the present motion, plaintiff makes two arguments. Plaintiff argues that this Court should reconsider its earlier Opinion because (1) plaintiff received a favorable decision finding him disabled as of August 4, 2004, the day after the decision on the first application and (2) plaintiff "respectfully disagrees" with the Court's finding that the ALJ properly determined that plaintiff's subjective complaints of pain were not credible. (Pl. Mem. Supp. Mot. Recons. at 1-2.)

## DISCUSSION

I. **Standard of Review**

A motion for reconsideration or re-argument shall be granted only if the court has overlooked "'controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.'" *Greenwald v. Orb Commc'ns & Mktg., Inc.*, 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)

---

[2] It is unclear when plaintiff filed this second application, however an amendment to the application was filed on July 28, 2005. (Pl. Reply Mem. Supp. Mot. Recons., Ex.)

(quoting *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000)) (alteration in original); *see also* S.D.N.Y. LOCAL CIV. R. 6.3.  Local Rule 6.3 should "be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temps., Inc.*, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001).  Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied.  *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995); *Brown v. Barnhart*, 2005 WL 1423241, at *1 (S.D.N.Y. June 16, 2005) ("Accordingly, the moving party may not advance new facts, issues or arguments not previously presented to the Court.") (internal quotation marks and citation omitted).  "Whether to grant or deny a motion for reconsideration or reargument is in the sound discretion of a district court judge." *Greenwald*, 2003 WL 660844, at *1 (internal quotation marks and citation omitted).

FED. R. CIV. P. 60(b)(2) provides that a party may obtain relief from a judgment on the ground of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."[3]  The purpose of Rule 60(b) is to "strike[] a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).  Because the Rule provides "extraordinary judicial relief," it should be "invoked only upon a showing of exceptional circumstances." *Id.*; *see also United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) ("A motion for relief

---

[3] "Rule 60(b)(2) clearly applies to Social Security disability reviews, despite the absence of a trial by a District Court." *Harden v. Sec'y of Health & Human Servs.*, 1988 WL 26098, at *1 (E.D.N.Y. Mar. 14, 1988).

from judgment is generally not favored . . . ."). The Rule should not be used to "relitigate matters settled by the original judgment." *Donovan v. Sovereign Sec. Ltd.*, 726 F.2d 55, 60 (2d Cir. 1984).

In considering a motion for relief from a judgment based on newly discovered evidence, courts in this Circuit apply a four-part test, which the Second Circuit has described as "an onerous standard":

> [T]he movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*Int'l Bhd. of Teamsters*, 247 F.3d at 392 (internal quotation marks and citation omitted; alteration in original); *see United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir.), *cert. denied*, 462 U.S. 1144 (1983) ("In order to succeed on a motion pursuant to Rule 60(b)(2), the movant must present evidence that is truly newly discovered or . . . could not have been found by due diligence.") (internal quotation marks and citation omitted; alteration in original).

## II. Analysis

### A. The Subsequent Favorable Decision is Not "Newly Discovered Evidence" Nor Did the Court "Overlook" It

Plaintiff first argues that this Court should reconsider its earlier Opinion because he received a subsequent favorable decision from an ALJ, finding him disabled as of August 4, 2004, the day after the decision on the first application. (Pl. Mem. Supp. Mot. Recons. at 1.) This is not a proper reason for reconsideration under Rule 6.3 because the Court cannot "overlook" a favorable decision of which it was not informed until the filing of the present motion for reconsideration.

Plaintiff argues that the subsequent favorable decision with an onset date the day after the earlier denial is new and material evidence justifying a remand of the first application. (*Id*. at 1-2.) This may very well be true, but that is not the issue before us. Had we considered this evidence when issuing our first Opinion we might have deemed it proper to remand the matter to the first ALJ for consideration of the new evidence. *See Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991) ("42 U.S.C. § 405(g) (1988) provides in pertinent part that '[t]he court . . . may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is *new* evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding.") (alterations and emphasis in original). However, the subsequent favorable decision was not before us when we considered plaintiff's first motion and issued our Opinion. Nor has plaintiff demonstrated that he is entitled to relief from our prior judgment pursuant to Rule 60(b)(2). Although this subsequent ALJ decision is evidence "of facts that existed at the time of . . . [the] dispositive proceeding," plaintiff has not established that he was "justifiably ignorant of [it] despite due diligence." *See Int'l Bhd. of Teamsters*, 247 F.3d at 392; *see also DeVera v. Japan Airlines*, 1994 WL 698330, at *3 (S.D.N.Y. Dec. 13, 1994) (finding plaintiffs could not meet the burden of Rule 60(b)(2) because the information was known prior to the date when the court granted defendants' motion for summary judgment, although it was not brought to the court's attention at that time). Indeed, we have been given no reason to believe that plaintiff could have been ignorant of a favorable decision granting him Social Security Disability Benefits for the eight months between the ALJ's decision in September 2006 and our Opinion in May 2007.

### B. Plaintiff's Disagreement With Our Opinion is Not Grounds for Reconsideration

Plaintiff next argues for reconsideration of our Opinion because he "respectfully disagrees" with the Court's determination that the ALJ properly found his subjective complaints of pain not credible. (Pl. Mem. Supp. Mot. Recons. at 2.) However, plaintiff offers no factual matters or controlling law that the Court failed to consider in its Opinion. *See Milano v. Astrue*, 2007 WL 2668511, at *2 (S.D.N.Y. Sept. 7, 2007). Plaintiff merely makes the same arguments he made in his first motion, which we addressed in our Opinion. *See Mikol*, 494 F. Supp. 2d at 224-26. Plaintiff's "disagreement" with our prior determination is not an appropriate ground for reconsideration. *See Briller v. Barnhart*, 2006 WL 118367, at *3 (S.D.N.Y. Jan. 16, 2006) (denying motion for reconsideration because the arguments were already considered by the court in the earlier opinion, in fact plaintiff's motion for reconsideration itself referred to instances in her summary judgment papers that raised the very arguments).

### C. Reconsideration is Granted to Prevent Manifest Injustice

Alternatively, a movant can prevail on a motion for reconsideration if he demonstrates "'the need to correct a clear error or prevent manifest injustice.'" *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (quoting *Fruit of the Loom, Inc. v. Am. Mktg. Enters., Inc.*, 1999 WL 527989, at *1 (S.D.N.Y. July 22, 1999)). The last paragraph of Plaintiff's Reply Memorandum states conclusorily that the Court "should grant [the] motion for reconsideration and at the very least should remand [the] case for a new hearing to prevent manifest injustice to [the] plaintiff for the period of time from November 7, 2001 through April 3, 2004, the date of the

6

decision in this case."[4]  Although, plaintiff has not specified what clear error or manifest injustice will be corrected by reconsideration of our Opinion, we consider his argument nonetheless.

As previously stated, plaintiff does not point to any law or facts the Court overlooked, rather he points to the subsequent favorable ALJ decision – which was not before the Court when the motion for judgment on the pleadings was decided – as a basis for reconsideration.[5]  Under the circumstances of this case, failure to consider the impact of the subsequent decision finding plaintiff disabled one day after the date on which the earlier decision found him no longer disabled could effect a manifest injustice.  Given the possibility that the subsequent favorable decision might have an effect on the earlier unfavorable decision upon remand, and the consequences if this Court does not reconsider the motion for judgment on the pleadings in light of that decision,[6] the Court finds that reconsideration of the May 25, 2007 Opinion is warranted.  *See Melnitzky v. Rose*, 305 F. Supp. 2d 349, 379 (S.D.N.Y. 2004) (granting reconsideration of decision on *forum non conveniens* in order to prevent manifest injustice in light of the fact that the court did not consider the impact on plaintiff of the filing fee in the foreign forum in the earlier decision, even though that information was available to plaintiffs at the time had they exercised due diligence to find it).

Because we determine that reconsideration would prevent manifest injustice, we reconsider

---

[4] We assume plaintiff means August 3, 2004, which is the date the ALJ's decision regarding plaintiff's first application was issued.

[5] We note that it was plaintiff's responsibility to put the issue of the subsequent favorable decision before the Court in the first instance.

[6] Because the earlier ALJ decision determined that plaintiff was not disabled for the period November 7, 2001 to August 3, 2004 (the date of the decision), plaintiff was denied disability benefits for nearly three years.  Surely this had a great impact on plaintiff; and, if upon remand, consideration of the subsequent favorable ALJ decision would change or alter the earlier determination, a manifest injustice to plaintiff would be prevented.

our prior Opinion in light of the new evidence.

### III. Remand for Consideration of the Subsequent Favorable ALJ Decision is Proper

The SSA "provides in pertinent part that '[t]he court . . . may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is *new* evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding.'" *Lisa*, 940 F.2d at 43 (quoting 42 U.S.C. § 405(g)) (alterations and emphasis in original). The Second Circuit has summarized the requirements of this provision:

> an appellant must show that the proffered evidence is (1) new and not merely cumulative of what is already in the record, . . . and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative. . . . The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently. . . . Finally, claimant must show (3) good cause for her failure to present the evidence earlier.

*Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988) (internal citations and quotation marks omitted). We find that the subsequent favorable decision satisfies the requirements of § 405(g) and should therefore be considered on remand.

The subsequent decision is new, and not merely cumulative of what was already before the ALJ when issuing the first decision. Defendant argues, however, that the subsequent decision is not material. Defendant states that the second ALJ decision came two years after the first, and the second ALJ considered plaintiff's claim with an alleged disability onset of August 4, 2004, which was after the period at issue in the first decision. (Def. Mem. Opp. Mot. Recons. at 6.) Defendant goes on to note that the second ALJ cited evidence that was relevant to the period after plaintiff's August 2004 alleged onset of disability. (*Id.*)

8

The September 28, 2006 ALJ decision, although decided two years after the first, does not alter the fact that the second ALJ expressly discusses plaintiff's history of injuries to his shoulders for which he had multiple surgeries in 2002 and 2003, and that since August 4, 2004 he continued to have pain and limited motion and was diagnosed with a frozen shoulder. (Pl. Mem. Supp. Mot. Recons., Ex.) The fact that the decision came two years after the first does not matter; the decision clearly considers plaintiff's history prior to August 4, 2004 and the worsening of his condition subsequently. The September 28 decision also discusses plaintiff's arthritis and pain and limited motion in his hips. (*Id.*) All of these conditions were present and addressed by the first ALJ, as discussed in our earlier Opinion. *See Mikol*, 494 F. Supp. 2d at 216-20. The second ALJ considered the continuation of these conditions and the new diagnosis of a frozen shoulder.

"[W]hen . . . a diagnosis emerges after the close of administrative proceedings that sheds considerable new light on the seriousness of [a claimant's] condition, evidence of that diagnosis is material and justifies remand." *Lisa*, 940 F.2d at 44 (determining that new diagnostic evidence would present a reasonable possibility of influencing the Secretary to decide her application differently because it suggests the impairment was substantially more severe than previously diagnosed and would also substantially bolster the credibility of claimant's subjective complaints) (internal quotation marks and citation omitted); *see Tirado*, 842 F.2d at 597 (recognizing possibility that retrospective diagnosis may reveal severity of illness existing but not fully appreciated at time of prior hearing, and remanding to district court to determine whether evidence should be presented to Secretary). "While new evidence does not require remand where it proves only a later-acquired disability or subsequent deterioration of the previously non-disabling condition, . . . later developments which shed light on the seriousness of the claimant's condition at the time of the

9

ALJ's decision are relevant." *Tracy v. Apfel*, 1998 WL 765137, at *4 (E.D.N.Y. Apr. 22, 1998).

The second ALJ decision, determining that plaintiff was disabled from August 4, 2004 sheds light on the seriousness of his condition at the time of the first ALJ's decision and is relevant to that time frame. It is difficult to believe that on August 3, 2004 plaintiff was not disabled even though he had a history of pain and surgeries which supported a determination that on August 4, 2004 plaintiff was suddenly disabled. It is reasonable to assume that the second decision will impact the decision of the first ALJ because it suggests the impairment was more severe than the first ALJ determined. *See Reyes v. Apfel*, 2000 WL 709087, at *9 (S.D.N.Y. June 2, 2000) (remanding to Commissioner for consideration of second ALJ's decision – which concluded that claimant's condition may have been worsened by a surgery that occurred during the time frame considered by the first ALJ – because the second decision cast doubt on the conclusion of the first ALJ that claimant did not suffer from any impairment for a 12-month period).

Defendant also argues that plaintiff cannot demonstrate good cause for having waited to present the new evidence to this Court. (Def. Mem. Opp. Mot. Recons. at 5.) However, this argument misses the point. The proper consideration is whether there exists good cause for plaintiff's failure to present the evidence to the Secretary earlier, because § 405(g) is a provision which allows this Court to order the Secretary to take into consideration new evidence. "'Good cause' for failing to present evidence in a prior proceeding exists where, as here, the evidence surfaces after the Secretary's final decision and the claimant could not have obtained the evidence during the pendency of that proceeding." *Lisa*, 940 F.2d at 44. Therefore, good cause does exist because the subsequent favorable decision was not issued until after the decision on August 3, 2004.

The record before us does not permit a conclusion that plaintiff was improperly denied

benefits by the determination of the first ALJ, however neither does it permit a conclusion that the ALJ's decision was entirely supportable. Therefore, we can not grant plaintiff or defendant a judgment on the pleadings. Under the circumstances, we remand the case to the Commissioner for a determination whether, in light of the new evidence, plaintiff was disabled from November 7, 2001 to August 3, 2004.

## CONCLUSION

For all of the foregoing reasons, plaintiff's motion for reconsideration is granted and this action is remanded to the Commissioner of Social Security for consideration of the new evidence.

SO ORDERED.

Dated: White Plains, New York
May 16, 2008

*[signature]*
Sr. United States District Judge