```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X

BRUCE W. MIKOL,                           :
                                               05 Civ. 5355 (WCC)
                Plaintiff,                :

        - against -                       :    **OPINION**
                                                **AND ORDER**
MICHAEL J. ASTRUE, Commissioner of        :
Social Security,
                                          :
                Defendant.
                                          :
- - - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

                                                           LAW OFFICES OF CAROL S. GOLDSTEIN
                                                           **Attorneys for Plaintiff**
                                                           424 N. Main Street
                                                           P.O. Box 525
                                                           Monroe, New York 10949

CAROL S. GOLDSTEIN, ESQ.

        Of Counsel

                                                           MICHAEL J. GARCIA
                                                           UNITED STATES ATTORNEY FOR THE
                                                              SOUTHERN DISTRICT OF NEW YORK
                                                           **Attorneys for Defendant**
                                                           86 Chambers Street, 3rd Floor
                                                           New York, New York 10007

JOHN E. GURA, JR.,
   Ass't United States Attorney

        Of Counsel

Of Counsel:
  Barbara L. Spivak, Esq.
  Chief Counsel-Region II
  Suzanne Haynes
  Assistant Regional Counsel
  Office of the General Counsel
  Social Security Administration
  New York, NY 10278

                                                         **Copies Mailed to Counsel of Record**_____

**CONNER, Senior D.J.:**

Plaintiff Bruce W. Mikol brought this action pursuant to Title II of the Social Security Act, 42 U.S.C. § 405(g) (the "SSA"), to review the final determination of defendant Michael J. Astrue, Commissioner of Social Security (the "Commissioner"), determining that plaintiff was not disabled from November 7, 2001 to August 3, 2004. In an Opinion and Order dated May 16, 2008, we remanded the action to the Commissioner for consideration of new evidence. Plaintiff then filed this application for attorney's fees pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d). For the reasons discussed below, plaintiff's motion is denied.

**BACKGROUND**

**I.   Procedural History**

Plaintiff filed an application for disability insurance benefits on October 31, 2002. *Mikol v. Barnhart*, 494 F. Supp. 2d 211, 213 (S.D.N.Y. 2007). After the application was denied, plaintiff requested a hearing, which was held on May 21, 2004, before an Administrative Law Judge (the "ALJ"). *Id*. The ALJ found, by decision dated August 3, 2004, that plaintiff was not disabled as defined under the SSA. *Id*. Plaintiff then requested a review by the Appeals Council, which denied plaintiff's request on March 25, 2005. *Id*. Plaintiff commenced an action for judicial review of the ALJ decision on May 26, 2005 and moved for judgment on the pleadings on February 7, 2006. This Court issued an Opinion and Order on May 25, 2007 denying plaintiff's motion for judgment on the pleadings and granting the Commissioner's cross motion. *Id*. at 228.

Plaintiff filed a second application for disability benefits. *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (noting that, while plaintiff's exact date of filing is not clear, plaintiff

did file an amendment to that application on July 28, 2005). ALJ Brian W. Lemoine granted that application in a decision dated September 28, 2006, determining that plaintiff was disabled as of August 4, 2004. *Id*. Plaintiff then moved for reconsideration of this Court's May 25, 2007 Opinion granting the Commissioner's cross motion. *Id*. This Court granted Plaintiff's Motion for Reconsideration and remanded the action to the Commissioner for a determination as to whether, in light of the subsequent ALJ decision, plaintiff was disabled from November 7, 2001 until August 3, 2004. *Id*. at 505. The administrative proceedings pursuant to this Court's Order are now pending. (Def. Mem. Opp. Mot. Att'y Fees at 2, n.3.)

Plaintiff now moves for attorney's fees in the amount of $5,862.01.

## DISCUSSION

Under the EAJA "a court shall award to a *prevailing party* other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). The preliminary inquiry when considering an application for fees is whether plaintiff is the prevailing party in the underlying action. *Lewis v. Apfel,* 1998 WL 66012, at *1 (S.D.N.Y. Feb. 18, 1998). A remand that does not dictate the receipt of benefits, as in this case, does not by itself give the moving party prevailing party status. *Sullivan v. Hudson* 490 U.S. 877, 887 (1989). Rather, in a Social Security benefits action, prevailing party status at the stage of remand depends upon whether the remand is based on sentence four or sentence six of § 405(g).[1] *Shalala v. Schaefer*, 509 U.S. 292,

---

[1] Sentences four and six of 42 U.S.C. § 405(g) provide in pertinent part:
 [4] The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision

2

301 (1993).

A sentence-four remand terminates the litigation and the plaintiff clearly is or is not the prevailing party. *Id*. In comparison, a sentence-six remand does not terminate the litigation, but rather instructs the Commissioner to consider additional evidence in a new proceeding, and therefore does not result in prevailing party status for the plaintiff. *Id*. As such, a determination of "prevailing party" status at the remand stage of a sentence-six remand is premature.

This Court issued a sentence-six remand, based on the subsequent ALJ decision granting benefits to plaintiff. *Mikol*, 554 F. Supp. 2d at 505. We noted that the subsequent decision constituted "new evidence" not presented to the ALJ for the "good cause" that it did not exist at the time of the earlier ALJ ruling. *Id*. (quoting 42 U.S.C. § 405(g)). Therefore, the remand did not result in a victory for plaintiff and, accordingly, plaintiff is not a prevailing party unless, at the conclusion of the administrative proceeding now being carried out pursuant to this Court's sentence-six remand, he prevails. As plaintiff has not yet prevailed on the merits of his case, he is not a "prevailing party" within the definition of the EAJA.

---

of the Commissioner of Social Security, with or without remanding the cause for a rehearing. . . . [6] The court . . . may . . . order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

## CONCLUSION

For all of the foregoing reasons, plaintiff's motion for attorney's fees is denied.

SO ORDERED.

Dated: White Plains, New York
September 12, 2008

*[signature]*
Sr. United States District Judge